DAVID A. PERLMAN, PLAINTIFF-RESPONDENT, v. MAX ZEABELLE, DEFENDANT-APPELLANT.

Submitted January 28, 1927—Decided May 16, 1927.

Contracts—Auctioneer's Agreement to Sell on Commission— Defendant Alleged That His Conduct was so Negligent That There was No Sale, and Filed Counter-claim For Damages— Directed Verdict For Plaintiff—Held, That This was Not Justified, That a Jury Should Have Considered Defendant's Story—Venire De Novo Awarded.

On appeal from the Passaic County Circuit Court.

Before GUMMERE, CHIEF JUSTICE, and Justice TRENCHARD.

For the appellant, *Freeman & Freeman* (*Forster W. Freeman, Jr.,* of counsel).

For the respondent, *Peter Cohn.*

PER CURIAM.

This action is founded upon a written contract wherein the defendant engaged the plaintiff, an auctioneer, to sell goods. The contract is as follows:

"Articles of agreement made this 13th day of May, 1925, made between David A. Perlman Company, of the city of Paterson, county of Passaic, and State of New Jersey, of the first part, and Max Zeabelle, of the city of Paterson, county of Passaic, State of New Jersey, of the second part, for and in consideration of the sum of one dollar and other valuable considerations the said party of the second part agrees to appoint said party of the first part as auctioneer for the sale of all goods and chattels in the premises at No. 347 Main street, in the said city of Paterson, belonging to the said party of the second part, and further agrees to pay to the said party of the first part five per cent. of all sales made by the said parties, or its agents from the sale of said goods and chattels.

"The said party of the second part also agrees to pay the cost of all advertisements for said sale, and expenses during said sale, expenses to be $400 or less.

"In witness whereof, the said parties have hereunto set their hands and seals this 13th day of May, 1926.

"M. ZEABELLE."

The complaint sets out the engagement and agreement to pay five per cent. on all sales, besides expenses; that $283 was expended; that plaintiff sold the goods, &c., to defendant, or his agent, for $7,500; that plaintiff was paid on account of what was due him $127, and that there remains due $500.

In his answer the defendant denied payment of $127, saying that the plaintiff took it without defendant's authority, and by way of counter-claim defendant alleged that plaintiff neglected and refused to carry out the contract; that defendant was put to a large amount of expense; that the plaintiff so negligently carried on that no sale resulted; that thereafter, plaintiff, after the contract was canceled, proceeded to re-advertise the goods to the great damage of defendant's business, all to defendant's damage of $2,500.

The trial judge directed a verdict for the plaintiff for $500 and the defendant appeals.

It seems clear that the first, second, third, fourth, fifth, sixth and seventh grounds of appeal are unavailing. They relate to admission or rejection of evidence, but are in such general language that the evidence in question cannot be identified, and under well-settled principles will not be considered. *Bowen* v. *State Highway Commission*, 5 N. J. Mis. R. 10.

The only ground of appeal that we find requiring consideration is the eighth and last. It is because the judge directed a verdict in favor of the plaintiff and against the defendant, over the objection of defendant.

We think that this direction of a verdict cannot be sustained. We think that it was open to the jury, if they believed the defendant's evidence, to find, as contended by the defendant, that this pretended sale was so negligently and improperly conducted by the plaintiff as to result in no sale. There was evidence that the property was first bid in by the defendant; that thereafter, on the same day, by an arrangement between the plaintiff and the defendant, that bid of the defendant was disregarded and the property put up for sale again; and that then, without the knowledge or consent of the defendant, the property was knocked off by the plaintiff to one of his own men who had no intention of purchasing, and who had not even made a bid; and it is not contended, even by the plaintiff himself, as we understand it, that this was a sale, or was thought to be a sale, and certainly it did not result in a sale.

Since, as we think, it was open to the jury to infer that this was not a sale, and was not intended to be a sale, but was a contrivance of the plaintiff for purposes of his own, we do not perceive upon what theory the judgment could be directed for the plaintiff for commissions, because by the language of the contract the defendant was only required to pay commissions of "five per cent. of *all sales.*" The case must therefore be sent back for retrial.

The judgment will be reversed and a *venire de novo* awarded.